IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

IN THE MATTER OF           :

JORGE ORTIZ ROMANY d/b/a   :     CASE NO. 04-03074(SEK)
JG-24, INC.,
    DEBTOR            :     CHAPTER 7

_____

WILFREDO SEGARRA MIRANDA as :
Trustee for the Estate of
the Debtor,
    PLAINTIFF        :     ADV. NO. 05-00085

      v.               :

MARIE T. VIDAL, *et al.*,    :

    DEFENDANTS       :
_____

## OPINION AND ORDER

Relying on *Securities Exchange Commission v. Dresser Industries, Inc.*[1], Debtor as a co defendant in this proceeding, seeks an order quashing various subpoenas *duces tecum* served upon the presidents of several banks, a request for production of documents directed at co defendant María T. Vidal, and entry of a protective order enjoining further discovery, requiring originals and all copies of documents already produced be deposited with the court, be kept under seal, and not be available for use by the parties and criminal investigative agencies. For reasons



---

[1] *Securities Exchange Commission v. Dresser Industries, Inc.*, 628 F.2d 1368 (D.C. Cir. 1980).

that follow we deny these requests.

## Background

Facts pertaining to Debtor's requests are simple and not contested.[2] The Trustee filed this adversarial amended complaint to recover estate money under 11 U.S.C. § 542, and to avoid certain transfers of estate assets under 11 U.S.C. §§ 549 & 550. As part of his discovery, the Trustee served Messrs. José Biaggi, John Ward and Víctor Galán as Presidents of Westernbank, Doral Bank and R-G Premier Bank with subpoenas *duces tecum* requiring them to produce bank documents concerning specified accounts in these institutions over a given time period, related to certain transactions. Copies of these subpoenas are attached and made part of this opinion. The Trustee also served interrogatories and a request for production of documents on co defendant Vidal. The contents of this discovery is unknown.

Soon afterwards, Debtor was arrested pursuant to a warrant issued by the U.S. Court for the District of Puerto Rico, based on an indictment for three counts of bankruptcy fraud under 18 U.S.C. § 152. Several days later, Debtor answered the amended complaint here, "raising his privilege against self incrimination as guaranteed by the 5[th] Amendment of the U.S. Constitution as to every allegation therein made". Debtor then filed the instant

---

[2] See our previous opinions entered as dkt. #s 246 and 328 for a more comprehensive background of the case.

motion, opposed by the Trustee.

## Discussion

As we understand Debtor's arguments, the subpoena should be quashed and protective orders entered because: (1) continued discovery "will seriously and irreparably undermine his rights as a criminal defendant"; (2) discovery here broadens the scope of the discovery available to the U.S. Department of Justice and the U.S. Attorney's Office, impermissibly expanding discovery available in the criminal case under Federal Rule Criminal Procedure 16; (3) applying the balancing test espoused by *Dresser*, *supra*, public interest here must "give way to this debtor's constitutional right in identical criminal proceedings"; and, (4) "the federal interests in the bankruptcy arena cannot overshadow or supersede the constitutionally guaranteed rights of a criminal defendant **when identical issues** are raised in parallel proceeding."

The Trustee argues *Dresser*, *supra*, allows courts to enter protective orders regarding discovery in civil cases when it is necessary to protect a defendant's Fifth Amendment right to self incrimination in a related pending criminal case. Here, Debtor cannot raise the privilege against self incrimination because he has no standing. The subpoenas are directed to elicit documents of accounts held in the name of María Vidal, Yoruba Figueroa, Francisco Hichez and Victor Barreiro (a/k/a Barreto). The

3

discovery sought does not involve testimonial evidence protected by the privilege. It involves Debtor's business records which he must produce. Thus, according to the Trustee, Debtor has failed to meet his initial burden of producing *prima facie* evidence showing the need for this type of redress. As to impermissibly extending the scope of criminal discovery, the Trustee seems to state that *Dresser* is not binding precedent and should be discarded in favor of the reasoning set forth in *Ikozyak v. Poindexter, (In re Financial Federated Title & Trust, Inc.)*, 252 B.R. 834 (Bkrtcy. S.D. Fla. 2000).

Similar to *Dresser* situation, here the principal issue facing this court is whether the Debtor is entitled to special protection against the Trustee's subpoenas and other discovery, because parallel and simultaneous discovery is being conducted by the U.S. Attorney pursuant to the three counts in the criminal indictment, identical to the causes of action contained in the amended adversarial complaint.



As the Court in *Dresser* explains:

> The civil and regulatory laws of the United States frequently overlap with criminal laws, creating the possibility of parallel civil and criminal proceedings, either successive or simultaneous. In the absence of substantial prejudice to the rights of the parties involved, such parallel proceedings are unobjectionable in our jurisprudence.
>
> . . .
>
> The Constitution, therefore, does not ordinarily require a stay of civil proceedings. [cit. omitted]

4

Nevertheless, a court may decide, in its discretion to stay discovery of civil proceedings, postpone civil discovery, or impose protective orders and conditions 'when the interests of justice seem () to require such action, sometimes at the request of the prosecution *** sometimes at the request of the defense. [cit. omitted] The Court must make such determination in the light of the particular circumstances of the case.'

Other than where there is specific evidence of agency bad faith or malicious government tactics, the strongest case for deferring civil proceedings until after completion of criminal proceedings is where a party is under indictment for a serious offense is required to defend a civil or administrative action involving the same matter. The noncriminal proceeding if not deferred, might undermine the party's Fifth Amendment privilege against self incrimination, expand rights of discovery beyond the limits of Federal Rule Criminal Procedure 16(b), expose the basis of the defense to the prosecution in advance of the criminal trial, or otherwise prejudice the case. If delay of the noncriminal proceeding would not seriously injure the public interest, a court may be justified in deferring it.[3]

A. *Parallel, simultaneous discovery here might undermine Debtor's Fifth Amendment privilege against self-incrimination.*

Debtor limits this argument, stating he has answered the amended complaint "substantially raising his privilege against self-incrimination as guaranteed by the 5[th] Amendment of the U.S. Constitution for every allegation therein." While we are tempted to ignore this issue altogether, as Debtor "merely mention[s] the possibly argument in the most skeleton way, leaving the court to do counsel's work, create the ossature for argument, and put

---

[3] *Dresser*, 628 F.2d at 1375-1377.

5

flesh on its bones"[4] , prudence dictates we address the matter involving a purported clash between the public interest in assuring the estate is not depleted, and Debtor's right to claim the privilege when faced with criminal prosecution for his illegal activities while in bankruptcy.

The particular circumstances of this case show the Debtor cannot raise the privilege as grounds for quashing the subpoenas and obtaining a protective order precluding discovery. As the Trustee points out, Debtor has no standing to raise the privilege as subpoenas are directed at third party defendants[5]. Compliance with the subpoenas will not elicit protected 5th Amendment testimonial evidence[6], and requires production of business records kept by the Banks in the normal course of business that are not protected by the privilege[7]. Hence, Debtor's argument

---

[4] *U.S. v. Zannino*, 895 F.2d 1, 17 (1st Cir. 1990).

[5] "A motion to quash should be made by the person or entity from whom or from which the documents or things are requested. Generally, a party to litigation has no standing to move to quash a third party subpoena *duces tecum* unless the person claims some personal right or privilege to the documents sought." [cit. omitted]. *Green v. Sauder Mouldings, Inc., et al.*, 223 F.R.D. 304, 306 (D.C. E.D. Va. 2004); see also *Ramette v. Bame, (In re Bame)*, 251 B.R. 367, 378- 380 (Bkrtcy. Minn. 2000).

[6] *Butcher v. Bailey*, 753 F.2d 465, 469-470 (6th Cir. 1985); In re Lufkin, 255 B.R. 204, 210 (Bkrtcy. E.D. Tenn. 2000)

[7] See also, *Dennis v. U.S.A., et al.*, 660 F. Supp. 870, 874 (D.C. C.D. Ill. 1987); *Butcher, supra*, at 468-469; *Charter Federal Savings Assoc. by the Resolution of the Trusts Corp. v. Rezak, (In re Lederman)*, 140 B.R. 49, 55-56 (Bkrtcy. E.D.N.Y. 1992). *Deutscher v. Lick Ford, Ltd., (In re Southern Industrial*

6

that these subpoenas and discovery curtail his 5th Amendment right is specious, as he cannot raise the privilege in the specific circumstances of this case.

Likewise, we hold the Debtor has not shown that interrogatories and the request for production of documents served on co defendant Vidal undermine his right to invoke the 5th Amendment privilege. These discovery requests are unavailable for Court review. Debtor has therefore failed to meet his initial burden of proof in this regard.

B. *Conducting concurrent discovery in the bankruptcy and the criminal case involving identical causes of actions and counts, impermissibly broadens the scope of discovery allowed in the criminal case, requiring the court to stay of discovery in bankruptcy until the criminal case is completed.*[8]

We are not privy to the counts in the indictment, as it has not been produced by the Debtor. Hence, we are unable to say whether the criminal indictment closely resembles or is "identical" to the adversarial amended complaint, thereby warranting a stay of discovery.[9]

---

*Banking Corp.*, 35 B.R. 643 (Bkrtcy. E.D. Tenn. 1983)

[8] See Reynolds and Landry, Procedural Issues, 41 Am. Crim. L. Rev. 973, 994-997 (2004).

[9] "To obtain a stay, the facts of the civil action must closely resemble those of the civil prosecution." Procedural Issues, *supra*, at 995 .



The request for the protective order limiting discovery and placing documents under seal must also fail as Debtor has not shown good cause and a particularized need for the protection.[10] Debtor claims he "fears that access to information that lies between the differing provisions of the criminal and civil discovery rules may strengthen the opponents case."[11] However, such a "fear" here is a conjecture, and without more, is not sufficient to warrant the protective order. The public interest in recuperating estate assets which the Trustee claims Debtor fraudulently transferred overcomes Debtor's undocumented fear. The effective enforcement of these bankruptcy provisions require an agile Trustee who moves quickly to recuperate estate assets. If the U.S. Attorney moves too slowly, then there is the real danger that witnesses may die or move away, assets may be hidden so effectively that the Trustee may not be able to located these, memories fade, documentary and physical evidence is lost, misplaced or destroyed. Furthermore, when civil liability arises from incriminatory acts, much of the evidence showing the illegal acts eventually surfaces at trial, even if effectively suppressed before then, so that a stay of discovery in bankruptcy will not

[10] Procedural Issues, *supra*, at 996; see also *Kozyak*, 252 B.R. at 837.

[11] Procedural Issues, *supra*, at 997.

8

accomplish Debtor's desired effect.[12]  Hence, factors against

granting the protective order in this case outweigh those set

forth by the Debtor in favor of its entry.

WHEREFORE, for reasons stated in this opinion, we deny

Debtor's request to quash subpoenas and enter a protective order

staying discovery.

SO ORDERED, in San Juan, Puerto Rico, on June 16, 2006.

SARA DE JESUS
U.S. Bankruptcy Judge

---

[12]  Heidt, The Conjurer's Circle-The Fifth Amendment
Privilege in Civil Cases, 91 Yale L.J. 1062, 1095-1062 (May,
1982).

9

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF PUERTO RICO

WILFREDO SEGARRA MIRANDA
CHAPTER 7 TRUSTEE
PLAINTIFF

ADVERSARY CASE NO. 05-0085

VS.

MARIE T. VIDAL; FRANCISCO HITCHEZ A/K/A
FRANK HITCHEZ; VICTOR BARRETO; YORUBA
FIGUEROA; RG PREMIER BANK; WESTERN BANK
AND DORAL BANK
DEFENDANTS

PROCEEDING FOR TURNOVER OF FUNDS
and AVOIDANCE OF TRANSFERS
11 USC sec. 542, 549, 550

To:   R-G Premier Bank
      Mr. Victor Galán
      PO Box 362394
      San Juan, PR 00936- 2394 and to its legal counsel      Sonia Alfaro, Esq.
                                                             at PO Box 191808
                                                             San Juan, PR 00919-1808

[ ] YOU ARE COMMANDED to appear in the United States Bankruptcy Court at the place, date, and time specified below to testify in the above bankruptcy proceeding.

| Place: | Courtroom: |
|---|---|
| | Date and Time: |

[ ] YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above bankruptcy proceeding.

| Place: | Date and Time: |
|---|---|

[✓] YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):
A) Monthly account statements on accounts numbers 3111029847 and 0111050951 in custody of RG Premier Bank for the months of January thru December of the years 2004 and 2005; and for the months of January thru April of 2006. Said account statements are to detail the deposits, payments, cancelled checks if any and withdrawals made in the accounts with the date of said transaction.
B) Provide statements of account activity for the month of May 2006

| Place: Landrau Rivera & Assoc. Carr. 21 Km 3.2 Bo. Monacillos, SJ, PR OR VIA REGULAR MAIL TO: PMB 660 497 Ave. E. Pol, San Juan, PR 00926-5639 Telephone: 787-774-0224 / 787- 273-7949 | Date and Time: June 5th, 2006 at 2:00 p.m. |
|---|---|

Any subpoenaed organization not a party to this proceeding shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify, Fed.R.Civ.P. 30(b)(6) made applicable in adversary proceedings by Rule 7030, Fed.R.Bankr.P.

| Issuing Officer Signature and Title: Attorney for Plaintiff | Date: May 16th, 2006 |
|---|---|

Issuing Officer's Name, Address and Phone Number:

NOEMI LANDRAU RIVERA, ESQ., PMB 660 497 Ave. E. Pol, San Juan, PR 00926-5639
Tel. (787) 774-0224 / (787) 273-7949



Rule 45, Fed. R. Civ. P., Parts (c) & (d) made applicable in cases under the Bankruptcy Code by Rule 9016, Fed. R. Bankr. P.

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.
(2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.
(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.
(3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it
(i) fails to allow reasonable time for compliance;
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or
(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or
(iv) subjects a person to undue burden.
(B) If a subpoena
(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.
(d) DUTIES IN RESPONDING TO SUBPOENA.
(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.
(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

---

## PROOF OF SERVICE

| Date: | Place: |
|---|---|

Served:

| Served On (Print Name): | Manner of Service: |
|---|---|

| Served By (Print Name): | Title: |
|---|---|

---

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
Date

_____
Signature of Server

_____
Address of Server

_____

## UNITED STATES BANKRUPTCY COURT
### DISTRICT OF PUERTO RICO

WILFREDO SEGARRA MIRANDA
CHAPTER 7 TRUSTEE
PLAINTIFF

VS.

MARIE T. VIDAL; FRANCISCO HITCHEZ A/K/A
FRANK HITCHEZ; VICTOR BARRETO; YORUBA
FIGUEROA; RG PREMIER BANK; WESTERN BANK
AND DORAL BANK
DEFENDANTS

ADVERSARY CASE NO. 05-0085

PROCEEDING FOR TURNOVER OF FUNDS
and AVOIDANCE OF TRANSFERS
11 USC sec. 542, 549, 550

To:     Westernbank Puerto Rico
        Mr. José Biaggi, President
        PO Box 1180
        Mayaguez, PR 00681

[ ] YOU ARE COMMANDED to appear in the United States Bankruptcy Court at the place, date, and time specified below to testify in the above bankruptcy proceeding.

| Place: | Courtroom: |
|---|---|
|  | Date and Time: |

[ ] YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above bankruptcy proceeding.

| Place: | Date and Time: |
|---|---|
|  |  |

[✓] YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):
A) Monthly account statements on account number 3601004326 in custody of Westernbank for the months of January thru December of the years 2004 and 2005; and for the months of January thru April of 2006. Said account statements are to detail the deposits, payments, cancelled checks if any and withdrawals made in the accounts with the date of said transaction.
B) Provide statements of account activity for the month of May 2006

| Place: Landrau Rivera & Assoc. Carr. 21 Km 3.2 Bo. Monacillos, SJ, PR OR VIA REGULAR MAIL TO: PMB 660 497 Ave. E. Pol, San Juan, PR 00926-5639 Telephone: 787-774-0224 / 787- 273-7949 | Date and Time: June 5th, 2006 at 2:00 p.m. |
|---|---|

Any subpoenaed organization not a party to this proceeding shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify, Fed.R.Civ.P. 30(b)(6) made applicable in adversary proceedings by Rule 7030, Fed.R.Bankr.P.

| Issuing Officer Signature and Title: Attorney for Plaintiff | Date: May 16th, 2006 |
|---|---|

Issuing Officer's Name, Address and Phone Number:

NOEMI LANDRAU RIVERA, ESQ., PMB 660 497 Ave. E. Pol, San Juan, PR 00926-5639
Tel. (787) 774-0224 / (787) 273-7949



Rule 45, Fed. R. Civ. P., Parts (c) & (d) made applicable in cases under the Bankruptcy Code by Rule 9016, Fed. R. Bankr. P.

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.
(2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.
(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.
(3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it
   (i) fails to allow reasonable time for compliance;
   (ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or
   (iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or
   (iv) subjects a person to undue burden.
(B) If a subpoena
   (i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
   (ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
   (iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.
(d) DUTIES IN RESPONDING TO SUBPOENA.
(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.
(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

PROOF OF SERVICE

Date: _____        Place: _____

Served: _____

Served On (Print Name): _____        Manner of Service: _____

Served By (Print Name): _____        Title: _____


DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
             Date              _____
                               Signature of Server

                               _____
                               Address of Server

                               _____

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF PUERTO RICO

WILFREDO SEGARRA MIRANDA
CHAPTER 7 TRUSTEE
PLAINTIFF

VS.

MARIE T. VIDAL; FRANCISCO HITCHEZ A/K/A
FRANK HITCHEZ; VICTOR BARRETO; YORUBA
FIGUEROA; RG PREMIER BANK; WESTERN BANK
AND DORAL BANK
DEFENDANTS

ADVERSARY CASE NO. 05-0085

PROCEEDING FOR TURNOVER OF FUNDS
and AVOIDANCE OF TRANSFERS
11 USC sec. 542, 549, 550

To:  Doral Bank
     Mr. John Ward, President
     F.D. Roosevelt, Ave. 1451
     San Juan, PR 00920-2717

[ ] YOU ARE COMMANDED to appear in the United States Bankruptcy Court at the place, date, and time specified below to testify in the above bankruptcy proceeding.

| Place: | Courtroom: |
|---|---|
| | Date and Time: |

[ ] YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above bankruptcy proceeding.

| Place: | Date and Time: |
|---|---|
| | |

[✓] YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):
A) Monthly account statements on account number 1739000121 in custody of Doral Bank for the months of January thru December of the years 2004 and 2005; and for the months of January thru April of 2006. Said account statements are to detail the deposits, payments, cancelled checks if any and withdrawals made in the accounts with the date of said transaction.
B) Provide statements of account activity for the month of May 2006

| Place: | Date and Time: |
|---|---|
| Landrau Rivera & Assoc. | June 5th, 2006 |
| Carr. 21 Km 3.2 Bo. Monacillos, SJ, PR | at 2:00 p.m. |
| OR VIA REGULAR MAIL TO: | |
| PMB 660 497 Ave. E. Pol, San Juan, PR 00926-5639 | |
| Telephone: 787-774-0224 / 787- 273-7949 | |

Any subpoenaed organization not a party to this proceeding shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify, Fed.R.Civ.P. 30(b)(6) made applicable in adversary proceedings by Rule 7030, Fed.R.Bankr.P.

| Issuing Officer Signature and Title; Attorney for plaintiff | Date: May 16th, 2006 |
|---|---|

Issuing Officer's Name, Address and Phone Number:

NOEMI LANDRAU RIVERA, ESQ., PMB 660 497 Ave. E. Pol, San Juan, PR 00926-5639
Tel. (787) 774-0224 / (787) 273-7949



Rule 45, Fed. R. Civ. P., Parts (c) & (d) made applicable in cases under the Bankruptcy Code by Rule 9016, Fed. R. Bankr. P.

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.
(2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.
(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.
(3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it
    (i) fails to allow reasonable time for compliance;
    (ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or
    (iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or
    (iv) subjects a person to undue burden.
(B) If a subpoena
    (i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
    (ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
    (iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.
(d) DUTIES IN RESPONDING TO SUBPOENA.
(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.
(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

PROOF OF SERVICE

Date: | Place:

Served:

Served On (Print Name): | Manner of Service:

Served By (Print Name): | Title:

DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
Date

_____
Signature of Server

_____
Address of Server